# EXHIBIT A

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

**ILG Legal Office, P.C.**
Stephen Noel Ilg (SBN 275599)
George L. Lin (SBN 287873)
156 South Spruce Ave., Unit 206A
South San Francisco, CA 94080
Tel: (415)580-2574
Fax: (415)735-3454
Email: silg@ilglegal.com
Email: glin@ilglegal.com

**ALPERS LAW GROUP, INC.**
Richard C. Alpers (SBN 254646)
PO Box 1540
Aptos, CA 95001
Tel: (831) 240-0490
Fax: (855) 870-1129
Email: rca@alperslawgroup.com

Attorneys for Plaintiff Marcelino Benitez Castro

SUPERIOR COURT OF CALIFORNIA

MONTEREY COUNTY

Marcelino Benitez Castro, on behalf of himself, all others similarly situated, and the general public,

Plaintiffs,

vs.

Gardner Trucking, Inc., a California Corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No.

**CLASS ACTION**

1. **FAILURE TO COMPENSATE FOR ALL HOURS WORKED** (Lab. Code §§ 200-204, 216, 223, 225.5, 500, 510, 558, 1197, 1194, 1198; IWC Wage Orders);
2. **FAILURE TO PAY MINIMUM WAGE** (Lab. Code §§ 223, 1194 *et seq.*);
3. **FAILURE TO PROVIDE MEAL AND REST PERIODS** (Lab. Code §§ 226.7, 512; IWC Wage Orders);
4. **FAILURE TO REIMBURSE BUSINESS EXPENSES** (Lab. Code § 2802);
5. **FAILURE TO PAY FINAL WAGES ON TIME** (Lab. Code §§ 201 *et seq.*);
6. **FAILURE TO MAINTAIN ACCURATE RECORDS** (Lab. Code §§ 1174, 1174.5);

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

7. **FAILURE TO FURNISH WAGE AND HOUR STATEMENTS** (Lab. Code §§ 226(e), 226.3);
8. **FAILURE TO PAY OVERTIME** (F.L.S.A., 29 U.S.C. § 201 *et seq.*);
9. **UNFAIR BUSINESS PRACTICES** (Bus. & Prof. Code §§ 17200 *et seq.*).

**JURY TRIAL DEMANDED**

This Complaint is brought by Plaintiff Marcelino Benitez Castro ("Mr. Castro"), on behalf of himself, all other similarly situated current and former employees ("PLAINTIFFS"), against Defendant Gardner Trucking, Inc. ("GARDNER"), and DOES 1-100, inclusive ("DOE Defendants") (collectively "Defendants"). Plaintiffs hereby demands a jury trial on all causes of action. Plaintiffs alleges the following:

**PLAINTIFF**

1. At all times material herein, Plaintiff Marcelino Benitez Castro was and is a competent adult and resident of the State of California, Monterey County. Plaintiff worked for Defendants as a Truck Driver.

2. While working for Defendants, Plaintiff's job duties included but were not limited to: picking up the work truck at Defendant's truck yard in Salinas, driving the work truck to Stockton to pick up the shipment, delivering the shipment on time, and returning the truck to the Salinas truck yard.

**DEFENDANTS**

3. At all times material herein, Defendant Gardner was and is a California corporation registered to do business in the State of California, including but not limited to conducting business within Monterey County, with a facility in Salinas, California, and its corporate headquarters located in Ontario, California. Defendant Gardner is in the trucking industry. On information and belief, Defendant Gardner is a trucking company and logistics service provider. At all relevant times alleged herein, Plaintiff is informed and believes that Defendant Gardner is authorized to and does conduct business in the State of California in the

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

trucking industry, including but not necessarily limited to Salinas, California.

4. The defendants identified as DOES 1 through 100, inclusive, were, at all times herein-mentioned, agents, business affiliates, successors- and/or predecessors-in-interest, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Plaintiff is informed and believes and, on that basis, alleges that, at all times herein-mentioned, each of the defendants identified as DOES 1 through 100, inclusive, employed, and/or exercised control over the conditions of Plaintiff and Class Members which led to the instant lawsuit and which are described herein. In doing the acts herein alleged, each Defendant is liable and responsible to Plaintiff and Class Members for the acts of every other Defendant. The true names and capacities of the DOE Defendants, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such DOE Defendants by fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff is informed and believes that the DOE Defendants are residents of the State of California. Plaintiff will amend this complaint to show such DOE Defendants' true names and capacities when they are known.

5. Plaintiff is informed and believes and thereon alleges that, unless otherwise indicated, each Defendant was the agent and/or employee of every other Defendant within the course and scope of said agency and/or employment, with the knowledge and/or consent of said Defendant.

6. To the extent any allegation contradicts another allegation, they are to be construed as "alternative" theories.

## JURISDICTION AND VENUE

7. This Court is the proper Court, and this action is properly filed in the California Superior Court for Monterey County, because Defendant Gardner transacts business within this county at Salinas. Plaintiff and Class Members performed work for Defendants and experienced the legal violations that are the subject of this Complaint in the Salinas facility.

8. This Court has jurisdiction over the Plaintiff's and Class Members' claims for damages, interest thereon, related penalties, injunctive and other equitable relief, restitution of ill-gotten benefits arising from Defendants' unlawful, unfair, and/or fraudulent business

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

practices, and attorneys' fees and costs pursuant to, *inter alia*., California Business and Professions Code sections 17200-17208, and the statutes cited herein.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

10. The California Workers' Compensation Act does not preempt this action because Defendants' unlawful practices, as alleged herein, are not risks or conditions of employment. Plaintiff is not required to satisfy any further private, administrative, or judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to any of the remaining causes of action in this complaint.

**FACTS REGARDING PLAINTIFF'S CLASS ACTION CAUSES OF ACTION**

11. All policies and practices described herein were in place at all of Defendants' business locations in California. As such, all members of the classes were subject to these same unlawful policies and practices in violation of California law. Plaintiff is informed and believes that Defendants knowingly engaged in the unlawful acts alleged herein, thereby enjoying a significant competitive edge over other companies within its industry. In many, if not all cases, these common practices have led to willful violations of California and federal law, entitling Plaintiff and Class Members to a recovery, pursuant to, *inter alia*, the statutes cited herein.

12. The work required to be performed by Plaintiff and Class Members was manual labor consisting of driving Defendant's trucks and transporting goods in accordance with Defendant's policies and practices.

13. Plaintiff and Class Members were not paid for overtime hours despite routinely and consistently working more than 8 hours per day and 40 hours per week.

14. Instead, Plaintiff and Class Members were paid the same "salary" regardless of the number of hours actually worked. Defendants' policy and practice of not maintaining time records for its employees violates California law on its face. Defendants' failure to record hours also resulted in substantial off-the-work, including overtime hours, since employees were required to work shifts in excess of 8 hours per day and sometimes in excess of 12 hours per

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

day. Defendants' failure to pay for all hours worked, including overtime hours, resulted in part from Defendants' failure to record all hours worked. Defendants' failure to pay for all hours worked, including overtime hours, resulted in payroll records such as wage statements that were not accurate or legally compliant, in violation of California Labor Code sections 226 and/or 1174(d). As an example, Defendant's policies and practices failed to correctly record all time worked for pre- and post-trip inspections of Defendant's vehicles, and time spent waiting for Defendant's loads to be ready for transport.

15. Plaintiff and Class Members were not consistently authorized or permitted to take meal and rest breaks as required by California law. Pursuant to California law, an employee is entitled to one ten-minute rest period if required to work at least three and one-half hours, two ten-minute rest periods if required to work more than six hours, and three ten-minute rest periods if required to work more than ten hours. Pursuant to California law, an employee is entitled to one thirty-minute meal period if required to work at least five hours and two thirty-minute meal periods if required to work at least ten hours. Defendants did not consistently provide the meal and rest periods to which Plaintiff and Class Members were entitled because business needs took precedence, routinely interfering with their breaks. If Plaintiff or Class Members failed to address business needs at any time, including during breaks, they were subject to discipline, up to and including termination. Despite these policies and practices, Plaintiff alleges on information and belief that Defendants have not paid missed meal or rest period premiums to Plaintiff or Class Members. Defendants failed to provide meal and rest periods and failed to make premium payments to Plaintiff and Class Members for missed meal and rest breaks. Defendants' failure to record all breaks and failure to pay applicable premiums, resulted in part from Defendants' failure to record all hours worked. Defendants' failure to record all breaks and failure to pay applicable premiums resulted in payroll records such as wage statements that were not accurate or legally compliant, in violation of California Labor Code sections 226 and/or 1174(d).

16. Moreover, Defendants' policies required Plaintiff and Class Members to incur business expenses related to the operations of Defendants but did not reimburse employees for

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

all business expenses. For example, Plaintiff and Class Members were required in the course of their employment to use their own personal cellular phones as part of their job duties, but Defendant failed to reimburse them for the costs associated with the use of their personal cellular phones for Defendant's benefit.

17. Even after Plaintiff or Class Members were terminated or voluntarily resigned, Defendants refused to pay owed wages despite California Labor Code sections 201-204, inclusive. More than 30 days has passed since certain individuals left Defendants' employ, entitling those individuals to the maximum penalties.

18. Plaintiff brings this action on behalf of himself and as a class action on behalf of the following Hourly Employee Class:

> All persons who worked for Defendant GARDNER, in the State of California as a truck driver or other similar job titles at any time on or after April 6, 2016.
>
> <u>Terminated Subclass:</u> All persons who are eligible for membership in the Class but who are no longer employed by Defendant.

Class Members can be identified through Defendants' records including employee timekeeping and payroll records.

19. Defendants and their officers and directors are excluded from any class defined in the preceding paragraphs.

20. This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable. The Class and subclass defined herein satisfy all class action requirements:

a. <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is, at least, in the hundreds, if not thousands of individuals. Membership in the Classes will be determined by and upon analysis of records maintained by Defendants.

b. <u>Commonality</u>: Plaintiff and Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

individual members, including, but not necessarily limited to:

1) Whether Defendants violated one or more of California's Wage Orders, the California Labor Code and/or California Business and Professions Code sections 17200 *et seq.* by failing to pay all wages due to Plaintiff and Class Members;

2) Whether Defendants violated California Labor Code sections 400-410 and/or section 2802 by requiring Plaintiff and Class Members to pay all or a portion of the normal business expenses of Defendants;

3) Whether Defendants violated and/or continues to violate, California Labor Code section 1174 by failing to keep accurate records of Plaintiff's and Class Members' hours of work;

4) Whether Defendants violated, and continues to violate California Labor Code sections 201-204 by failing to pay all wages due and owing at the time particular Class Members' employment with Defendants terminated;

5) Whether Defendants violated and/or continues to violate California Labor Code section 226 by failing to provide semi-monthly itemized wage statements to Plaintiff and Class Members of total hours worked and all applicable hourly rates in effect during each relevant pay period.

6) Whether Defendants violated and/or continues to violate California Labor Code section 1194 by failing to pay minimum wage;

c. Typicality: Plaintiff's claims are typical of the claims of Class Members. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of state law, as alleged herein.

d. Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e. Adequacy of Representation: Plaintiff is an adequate representative of the Plaintiff Classes, in that Plaintiff's claims are typical of those of Class Members, and Plaintiff has the same interests in the litigation of this case as Class Members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel experienced in litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class as a whole. Plaintiff anticipates no management difficulties in this litigation.

## FLSA COLLECTIVE ACTION ALLEGATIONS

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

21. Plaintiff brings the Eighth Cause of Action for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Class, defined *infra*. Plaintiff consents to sue for violations of the FLSA pursuant to 29 U.S.C. § 216(b) and 256.

22. Plaintiff and the FLSA Class Members are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendants' common practice, policy, or plan of unlawfully depriving FLSA Class Members of overtime pay in violation of the FLSA. Plaintiff and the FLSA Class Members were forced to complete duties while not clocked in, including but not limited to driving their work trucks, loading and unloading cargo, etc. Moreover, Defendants contact their employees on their days off without paying employees for time spent answering work-related questions. Plaintiff and FLSA Class Members regularly work more than forty hours per week and, thus, are deprived of overtime pay to which they are entitled.

23. The FLSA Class is defined as follows: "All non-exempt hourly employees of Defendants who worked in the United States, as a truck driver at any time on or after April 6, 2016." (the "FLSA Class" and/or "FLSA Class Members").

24. The Cause of Action for violations of the FLSA is brought and maintained as an "opt-in" collective action pursuant to §16(b) of the FLSA, 29 U.S.C. § 216(b), since Plaintiff's claims are similar to the claims of the FLSA Class Members. The names and addresses of the FLSA Class Members are available from Defendants' records. Notice should be provided to the FLSA Class Members via first class mail, e-mail, and posting in the offices where they have worked as soon as possible.

25. On behalf of non-exempt employees working for Defendant, as a Truck Driver, throughout the United States, Plaintiff seeks and applies for relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b). For at least three years prior to the filing of this action and through to the present, Defendants imposed a consistent policy of requiring FLSA Class Members (defined infra), including Plaintiff, to work more than forty (40) hours per week in order to complete prescribed duties, without paying overtime compensation.

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

**FIRST CAUSE OF ACTION**

**FAILURE TO COMPENSATE FOR ALL HOURS WORKED**

(Lab. Code §§ 200-204, 218, 223, 225.5, 226, 500, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198)

(*On behalf of Plaintiff and all Class Members against all Defendants*)

26. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

27. Defendants were required to compensate Plaintiff and Class Members for all hours worked pursuant to the Industrial Welfare Commission Order 1-2001, California Code of Regulations, Title 8, Chapter 5, Section 11070 and Labor Code sections 200-204, 225.5, 500, 510, 558 1197, 1198.

28. Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

29. Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest.

30. Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked.

31. Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

32. Labor Code section 223 provides, “Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

33. Plaintiff and Class Members routinely performed work “off-the-clock.” Thus, Defendants are liable for an additional violation to the extent Defendants are in fact secretly paying less than the designated wage scale.

34. As alleged throughout this Complaint, Defendants failed to track their hours worked and refused to compensate Plaintiff and Class Members for some and/or all of the wages

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

(including overtime wages) earned, in violation of the applicable California Wage Order, Title 8 of the California Code of Regulations and the California Labor Code.

35. At all relevant times, Defendants were aware of, and were under a duty to comply with the wage and overtime provisions of the California Labor Code, including, but not limited to California Labor Code sections 200-204, 216, 225.5, 500, 510, 558 1197, 1198. Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations. Plaintiff and Class Members have been deprived of his rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Under California employment laws and regulations, Plaintiff and Class Members are entitled to recover compensation for all hours worked, in addition to reasonable attorney's fees and costs of suit.

36. Labor Code section 216 provides, "In addition to any other penalty imposed by this article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who: (a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been made. (b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

37. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours worked, including overtime hours worked, on behalf of Defendants, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGE**

(Lab. Code §§ 223, 1194 *et seq.*)

(*On behalf of Plaintiff and all Class Members against all Defendants*)

38. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

39. At all relevant times, Defendants were aware of and were under a duty to comply

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

with California Labor Code section 1194 *et seq.*

40. California Labor Code section 1194(a) in relevant part provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

41. Moreover, California Labor Code section 1197 provides:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

42. Finally, California Labor Code section 1194.2(a) provides:

> In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

43. Labor Code section 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. Plaintiff and Class Members routinely performed work "off-the-clock." Thus, Defendants are liable for an additional violation to the extent Defendants are in fact secretly paying less than the designated wage scale.

44. During the Class Period, Defendants employed Plaintiff and Class Members, each of whom did not receive the applicable minimum wage for all hours worked on Defendants' behalf. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendants.

45. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours worked on behalf of Defendants, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL AND REST PERIODS**

(Lab. Code §§ 226.7, 512; IWC Wage Orders)

(*On behalf of Plaintiff and all Class Members against all Defendants*)

46. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

47. At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code sections 226.7 and 512 and applicable sections of the IWC Wage Order.

48. California Labor Code section 226.7 provides:

> No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> ….
>
> If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

49. Moreover, California Labor Code section 512 provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

50. Section 11 of the applicable Wage Order provides:

> a. No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes....
>
> b. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes....
>
> c. If an employer fails to provide an employee a meal period

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

> in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

51. Moreover, section 12 of the applicable Wage Order provides:

> a. Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....
>
> b. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

52. Defendants routinely required Plaintiff and Class Members to work at least three and one-half hours without a rest period of at least 10 minutes and failed to compensate the Plaintiff and Class Members for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

53. Defendants routinely required Plaintiff and Class Members to work more than six hours without a second rest period of at least 10 minutes and failed to compensate Plaintiff and Class Members for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

54. Defendants routinely required Plaintiff and Class Members to work more than ten hours without a third rest period of at least 10 minutes and failed to compensate the Plaintiff and Class Members for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

55. Defendants routinely required Plaintiff and Class Members to work more than five hours without a meal period of at least 30 minutes and failed to compensate the Plaintiff and Class Members for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

56. Defendants routinely required Plaintiff and Class Members to work more than ten hours without a second meal period of at least 30 minutes and failed to compensate the Plaintiff and Class Members for said missed meal periods, as required by California Labor Code

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

57. By requiring Plaintiff and Class members to attend to business and failing to consistently (1) provide meal breaks within the first five hours of a work shift, (2) provide uninterrupted thirty-minute meal periods, and/or (3) authorize and permit ten-minute rest periods to Class Members, Defendants violated the California Labor Code and sections 11 and 12 of the applicable IWC Wage Order.

58. Even where Defendants' records specifically evidence that no meal and/or rest periods were provided to Plaintiff and Class Members, Defendants refuse to provide these employees with one hour of compensation for these respective violations as mandated by California law. Plaintiff is informed and believes and, on that basis, alleges that Defendants have never paid the one hour of compensation to any worker.

59. Plaintiff and Class Members are not exempt from the meal and rest period requirements of the aforementioned Employment Laws and Regulations.

60. Plaintiff and Class Members did not willfully waive, through mutual consent with Defendants, any such meal and rest periods.

61. Defendants did not pay premium payments to Plaintiff or Class Members for missed meal periods. Similarly, Defendants did not pay premium payments to Plaintiff or Class Members for missed rest periods.

62. Plaintiff and Class Members have been deprived of his rightfully earned compensation for rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff and Class Members are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

63. Plaintiff and Class Members have been deprived of his rightfully earned compensation for meal periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff and Class Members are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

64. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in an amount to be established at trial, as well as attorneys' fees and costs, and restitution, pursuant to statute.

**FOURTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE EXPENSES AND/OR PROHIBITED CASH BOND**

(Lab. Code §§ 406, 2802)

(*On behalf of Plaintiff and all Class Members against all Defendants*)

65. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

66. During the Class Period, Defendants required Plaintiff and Class Members to incur expenses related to the business operations of Defendants. These expenses include(d), without limitation, costs related to purchasing a cell phone, internet usage plan, cell phone usage plan, and travel.

67. These expenditures were incurred in direct consequence of the discharge of the duties of Plaintiff and Class Members, or of his obedience to the directions of the employer and have not yet been reimbursed by Defendants.

68. At all relevant times, Defendants were aware of and were under a duty to comply with various provisions of the California Labor Code, including, but not necessarily limited to sections 406 and 2802(a).

69. California Labor Code section 406 provides:

> Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

70. California Labor Code section 2802(a) provides:

> An employer shall indemnify his employee for all necessary expenditures or losses incurred by the employee in direct

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

> consequence of the discharge of his duties, or of his obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

71. By requiring Plaintiff and Class Members to incur uncompensated expenses in direct consequence of the discharge of their duties, Plaintiff and Class Members were forced and/or brought to contribute to the capital and expenses of Defendants' business which is legally a cash bond, and which must be refunded by Defendants to Plaintiff and each Class Member.

72. California Labor Code section 2802(b) and (c) provides for interest at the statutory post judgment rate of ten percent simple interest per annum from the date of the expenditure, plus attorneys' fees to collect reimbursement.

73. Therefore, Plaintiff and Class Members demand reimbursement for expenditures or losses in direct consequence of the discharge of his duties, or of his obedience to the directions of Defendants, plus return of all cash bonds or other coerced investments in the business of Defendants, with interest, at the statutory rate, plus attorneys' fees and costs and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY FINAL WAGES ON TIME**
(Lab. Code §§ 201-204)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

74. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

75. California Labor Code section 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge. Section 202 provides that all earned and unpaid wages of an employee who resigns are due and payable immediately if the employee provided at least seventy-two hours' notice; otherwise, wages of an employee who resigns are due within seventy-two hours of resignation.

76. At all relevant times herein, Defendants failed to implement a policy and practice

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

to pay Plaintiff and Class Members accrued wages and other compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code. As a result, Class Members whose employment has ended have not been paid all compensation due immediately upon termination or within seventy-two hours of resignation, as required by the California Labor Code.

77. Defendant willfully failed to pay all final wages on time.

78. Defendants willfully failed to pay all final wages to involuntarily terminated employees at the time of discharge even though California Labor Code section 201 requires that employers provide immediate payment of all final wages at the time of termination.

79. Defendants willfully failed to pay all final wages on time to employees who voluntarily resigned. Defendants were made aware of each terminated employee's preference with respect to an election of whether to receive final wages by tender in person or by delivery. Those who elected to receive tender in person were present at the workplace to collect payment. Accordingly, California Labor Code section 202 has been satisfied.

80. Plaintiff and Class Members are not exempt from these requirements of the Employment Laws and Regulations.

81. Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code section 203 and other applicable provision of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

**SIXTH CAUSE OF ACTION**

**FAILURE TO MAINTAIN ACCURATE RECORDS**

(Lab. Code §§ 1174, 1174.5)

(*On behalf of Plaintiff and all Class Members against all Defendants*)

82. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

83. California Labor Code section 1174(d) provides:

> Every person employing labor in this state shall … [k]eep, at a central location in the state ... payroll records showing the hours worked daily by and the wages paid to ... employees.... These records shall be kept in accordance with rules

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

> established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

84. Defendants failed to maintain accurate records of the hours worked and the wages paid to Plaintiff and Class Members. Defendants did not employ policies, procedures, and practices to track Plaintiff's and Class Members' hours.

85. Plaintiff and Class Members were injured by Defendants' failure to maintain accurate records, because, as alleged above, Plaintiff and Class Members did not receive pay for all hours worked, and thus suffered monetary damages due to Defendants' policies described above.

86. Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations.

87. Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code sections 1174, 1174.5, and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO FURNISH WAGE AND HOUR STATEMENTS**

(Lab. Code §§ 226(e), 226.3)

(*On behalf of Plaintiff and all Class Members against all Defendants*)

88. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

89. California Labor Code section 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

the employee and his social security number, except that by January 1, 2008, only the last four digits of his social security number or an employee identification number other than a social security number may be shown on an itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

90. California Labor Code section 226(e)(1) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

91. California Labor Code section 226(e)(2) provides:

(A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.
(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:
(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).
(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).
(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.
(iv) The name of the employee and only the last four digits of his social security number or an employee identification number other than a social security number.

92. California Labor Code section 1174(d) provides:

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

> Every person employing labor in this state shall . . . [k]eep, at a central location in the state . . . payroll records showing the hours worked daily by and the wages paid to . . . employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

93. Defendants knowingly failed to provide Plaintiff and Class Members with timely and accurate wage and hour statements showing the inclusive dates of the pay period, gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate. Plaintiff and Class Members in fact never received accurate wage statements at all, as Defendants did not employ a timekeeping system that actually tracked all hours their workers worked.

94. Plaintiff and Class Members were injured by Defendants' failure to provide accurate wage statements, because, as alleged above, Plaintiff and Class Members could not determine whether they were paid properly and/or did not receive pay for all hours worked, and thus suffered monetary damages due to Defendants' policies described above.

95. Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations.

96. Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 226, and other applicable provisions of the Employment Laws and Regulations and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

**EIGHTH CAUSE OF ACTION**
**FAILURE TO PROVIDE OVERTIME PAY**
(FLSA, 29 U.S.C. § 201 *et seq.*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

97. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

98. The FLSA authorizes Plaintiff to bring this action on behalf of himself/herself/themselves and the Class Members as an opt-in collective action because they are similarly situated employees of Defendants.

99. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, and continue to employ, "employee[s]," including Plaintiff and each of the FLSA Class Members. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

100. Plaintiff consents to sue pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely other similarly situated individuals will sign consent forms and join as Plaintiffs on this claim in the future.

101. The FLSA requires each covered employer, including Defendant, to compensate all non-exempt employees a minimum wage for all hours worked and at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

102. The FLSA Class Members are non-exempt employees entitled to be paid a minimum wage for all hours worked and overtime compensation for all overtime hours worked.

103. At all relevant times, Defendants, pursuant to their policies and practices, failed and refused to pay minimum wages and overtime premiums to Plaintiff and the FLSA Class Members for his hours worked in excess of forty hours per week. Plaintiff was a full-time employee who generally worked shifts totaling more than forty hours per week. This was also true of other FLSA Class Members. In many instances, as alleged throughout this Complaint, Plaintiff and other FLSA Class Members were forced to perform "off-the-clock" work that would often result in working a significant number of hours in excess of forty hours per week. Such "off-the-clock" work, as alleged throughout this Complaint, included forcing FLSA Class Members to clock out at the scheduled end of his shift before completing all necessary tasks for the day. Because Plaintiff and the FLSA Class Members routinely work more than forty hours

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

per week, this results in unpaid wages, including unpaid overtime wages.

104. By failing to compensate Plaintiff and the FLSA Class Members with a minimum wage for all hours worked and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq*., including 29 U.S.C. § 207(a)(1) and § 215(a).

105. By failing to record, report, and/or preserve records of all hours worked by Plaintiff and the FLSA Class Members, Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine his wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq*., including 29 U.S.C. § 211(c) and § 215(a).

106. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

107. Plaintiff and FLSA Class Members seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

108. Plaintiff and FLSA Class Members seek damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

**NINTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
(Bus. & Prof. Code §§ 17200 *et seq.*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

109. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

110. Plaintiff brings this cause of action individually and on behalf of all others similarly situated.

111. Defendants' violations of California law, including Defendants' violations of the Employment Laws and Regulations as alleged herein constitutes an unfair business practice in violation of California Business and Professions Code sections 17200 *et seq* because they were

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

done repeatedly, over a significant period of time, and in a systematic manner to the detriment of Plaintiff and Class Members.

112. In addition, Plaintiff brings this cause of action seeking equitable and statutory relief to stop Defendants' misconduct, as complained of herein, and to seek restitution of the amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices described herein.

113. Defendants' knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business and Professions Code sections 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

114. As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits at Plaintiff's and Class Members' expense.

115. Defendants' business practices were unfair as set forth herein, providing an independent basis to support this claim.

116. Defendants' business practices were also fraudulent, as set forth herein, providing yet another independent basis to support the claim.

117. Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

118. Defendants have clearly established a policy of accepting a certain amount of collateral damage as incidental to its business operations, rather than accepting the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record. Defendants' policy is confirmed by Plaintiff's and Class Members' damages as herein alleged.

119. Defendants' unfair business practices entitle Plaintiff and Class Members to seek preliminary and permanent injunctive relief and other restitutionary relief, including but not limited to orders that Defendants account for and restore unlawfully withheld compensation to the Plaintiff and Class Members and discontinue certain unlawful employment practices,

ILG Legal Office, P.C.
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

conduct and implement adequate training, including the implementation of policies and procedures designed to prevent the legal violations at issue in this lawsuit. Defendants' unfair business practices also entitle Plaintiff to attorneys' fees and costs.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues and causes of action.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for the following forms of relief, individually and on behalf of all others similarly situated:

1. Certification of this action as a class action and collective action on behalf of the classes defined herein and designation of Plaintiff as representative of the classes and his counsel as counsel for the classes;

2. For penalties, including civil penalties, pursuant to all provisions of the Labor Code referenced herein which provide for penalties as a result of the conduct alleged herein;

3. For costs of suit incurred herein and attorneys' fees pursuant to the statutes cited herein;

4. For compensatory damages;

5. Compensation for all hours worked but not paid;

6. For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

7. For special damages according to proof;

8. For punitive damages where allowed by law;

9. For restitution of all monies due to Plaintiff from the unlawful business practices of Defendants;

10. For injunctive relief;

11. For pre-judgment and post-judgment interest as provided by law; and

12. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ILG Legal Office, P.C.**
156 South Spruce Ave., Unit 206A, South San Francisco, CA 94080
Tel: (415) 580-2574 Fax: (415) 735-3454

DATED: June 9, 2020

**ILG Legal Office, P.C.**

Stephen Noel Ilg

______________________________

Stephen Noel Ilg

Attorneys for Plaintiffs